# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**SAINT JERMAINE ENDELEY,**

        Plaintiff,

v.

**JENIFER RAJKUMAR,**

        Defendant.

**Civil Action No.:** [TO BE ASSIGNED BY COURT]

**COMPLAINT FOR DAMAGES**

Plaintiff, SAINT JERMAINE ENDELEY, by and through her undersigned counsel, hereby files this Complaint for Damages against Defendant, JENIFER RAJKUMAR, and alleges as follows:

**I. PARTIES**

1. Plaintiff SAINT JERMAINE ENDELEY ("Plaintiff") is an adult individual residing in Richmond County, New York.
2. Defendant JENIFER RAJKUMAR ("Defendant") is an adult individual residing in 83-91 Woodhaven Blvd Woodhaven, NY 11421 Queens County, New York.

**II. JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to [e.g., 28 U.S.C. § 1332 (Diversity of Citizenship) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states, or state specific jurisdictional statute].
4. Venue is proper in this district pursuant to [e.g., 28 U.S.C. § 1391(b) (2)] because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III. FACTUAL ALLEGATIONS

5. On or about September 2021, at approximately 1pm, Defendant Jenifer Rajkumar knowingly and maliciously placed a false emergency call to 911 services, reporting criminal activity at her district office in Queens that is open to the public.
6. Defendant made this false report without any reasonable basis or factual support, and with the intent to harass, annoy, or cause harm to Plaintiff.
7. As a direct and foreseeable result of Defendant's false 911 call, law enforcement personnel, including [e.g., police officers, SWAT team, paramedics, fire department], were dispatched to district office.
8. Upon arrival, law enforcement personnel surrounded Plaintiff with weapons drawn," "detained Plaintiff," "conducted a search of Plaintiff's property," "interrogated Plaintiff".
9. Plaintiff was subjected to extreme emotional distress, fear, humiliation, and public embarrassment due to the actions of law enforcement and the presence of emergency vehicles at her property.
10. The false report caused significant disruption to Plaintiff's life, including [e.g., missed work, damage to property, damage to reputation among neighbors/community, legal expenses to clear her name].
11. Law enforcement ultimately determined that Defendant's report was entirely false and without merit, and no charges were filed against Plaintiff all charges were subsequently dismissed/acquitted after two days.
12. Defendant's actions were willful, wanton, malicious, and undertaken with a reckless disregard for the truth and for the severe consequences they would have on Plaintiff.

### IV. CAUSES OF ACTION

### COUNT I: DEFAMATION (SLANDER/LIBEL)

13. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.
14. Defendant made false and defamatory statements about Plaintiff to 911 operators and, by extension, to law enforcement and potentially the public, when she reported criminal activity.
15. These statements were false and tended to harm Plaintiff's reputation by exposing him to public hatred, contempt, ridicule, or causing her to be shunned or avoided.
16. Defendant published these statements to third parties (911 operators, law enforcement) who understood the statements to be about Plaintiff.

17. Defendant acted with actual malice or reckless disregard for the truth, knowing the statements were false or having serious doubts as to their truthfulness.
18. As a direct and proximate result of Defendant's defamatory statements, Plaintiff suffered damages, including but not limited to, damage to her reputation, emotional distress, and financial losses.

**COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.
20. Defendant, by making a false and malicious 911 call, engaged in extreme and outrageous conduct.
21. Defendant's conduct was intentional or reckless, and he knew or should have known that his actions would cause severe emotional distress to Plaintiff.
22. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.
23. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including but not limited to, anxiety, fear, humiliation, sleeplessness, and psychological trauma.

**COUNT III: MALICIOUS PROSECUTION**

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.
25. Defendant initiated or procured the initiation of criminal proceedings against Plaintiff by making a false 911 report that led to Plaintiff's arrest and/or charges.
26. These criminal proceedings were initiated without probable cause.
27. Defendant acted with malice, meaning he initiated the proceedings for an improper purpose, such as harassment or revenge, rather than a legitimate belief in Plaintiff's guilt.
28. The criminal proceedings terminated in favor of Plaintiff [e.g., charges dismissed, acquittal].
29. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff suffered damages, including but not limited to, legal expenses, loss of liberty, damage to reputation, and emotional distress.

**COUNT IV: ABUSE OF PROCESS**

30. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.
31. Defendant made a false 911 call, which constituted the misuse of the legal process (the emergency response system and potential criminal investigation).
32. Defendant used this process for an ulterior purpose, specifically to e.g., "harass Plaintiff," "disrupt Plaintiff's life," "gain an advantage in a dispute with Plaintiff", which was not the legitimate purpose for which the 911 system is intended.
33. Defendant committed a willful act in the use of the process that was not proper in the regular conduct of the proceeding.
34. As a direct and proximate result of Defendant's abuse of process, Plaintiff suffered damages, including but not limited to, emotional distress, reputational harm, and financial losses.

## V. DAMAGES

35. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer significant damages, including but not limited to: a. Emotional distress, pain, and suffering; b. Humiliation and embarrassment; c. Damage to her personal and professional reputation; d. Loss of income or earning capacity; e. Legal fees and costs incurred in defending against false accusations or clearing her name; f. Other incidental and consequential damages as will be proven at trial.
36. Plaintiff also seeks punitive damages against Defendant due to his willful, wanton, malicious, and reckless conduct, intended to punish Defendant and deter similar conduct by others.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff SAINT JERMAINE ENDELEY respectfully requests that this Honorable Court enter judgment in her favor and against Defendant JENIFER RAJKUMAR for:

a. Compensatory damages in an amount to be determined at trial, but no less than $[Amount, e.g., $1,000,000.00; b. Punitive damages in an amount sufficient to punish Defendant and deter similar conduct; c. Pre-judgment and post-judgment interest as

allowed by law; d. Costs of this action, including reasonable attorneys' fees; and e. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 10, 2025

Respectfully submitted,

*Saint Jermaine Endeley* (signature)

Saint Jermaine Endeley

214 Market Street

Richmond County, New York 10310

+1 718 818 8018

Sje246@yahoo.com