UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAINT JERMAINE ENDELEY,<br><br>                    Plaintiff,<br><br>          -against-<br><br>JENIFER RAJKUMAR,<br><br>                    Defendant. | 25-CV-5744 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Staten Island, Richmond County, New York, brings this *pro se*

action, invoking the court's diversity of citizenship jurisdiction and alleging that Defendant

Jenifer Rajkumar violated her rights under state law. Plaintiff alleges that Rajkumar resides in

Woodhaven, Queens County, New York. For the following reasons, the Court transfers this

action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New

York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant violated her rights in Queens County. She also alleges that Defendant resides in Queens County. Because Defendant does not reside in this District and the events giving rise to Plaintiff's claims did not occur in this District,[1] from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Queens County and Defendant resides in Queens County. Queens County is located in the Eastern District of New York. *See* 28 U.S.C. § 1121(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Decisions regarding Plaintiff's other motions are also left to the transferee court. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending motions.

---

[1] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 15, 2025
         New York, New York

                                 /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                           Chief United States District Judge